The Honorable Neely Cassady State Senator Post Office Box 1810 Nashville, AR 71851
Dear Senator Cassady:
You have requested an opinion under the authority granted in Initiated Act 1 of 1988, which is cited as "The Disclosure Act for Lobbyist and State Officials."
Your question pertains to the Conflict of Interest section of Initiated Act 1 of 1988 and you have attached to your request a form entitled Statement of Potential Conflicts of Interest. You have asked for an opinion as to whether or not the attached statement would comply with the provisions of initiated Act 1 of 1988 in the event there was a conflict of interest between pending legislation and the businesses you have named in the attachment
Section 21-8-803 of Initiated Act 1 of 1988 provides:
 A member of the General Assembly who is required to take an action in the discharge of his official duties that may affect his financial interest or cause financial benefit or detriment to him, or a business in which he or she is an officer, director, stockholder owning more than 10% of the stock of the company, owner, trustee, partner or employee, which is distinguishable from the effects of the action on the public generally or broad segment of the public shall:
 1. Prepare a written statement describing the matter requiring action and stating the potential conflict; 2. Deliver a copy of the statement to the Secretary of State to be filed with the Statement of Financial Interest. The copy of the statement may be delivered in person by the public official, by mail, or by a person authorized by the public official to deliver the copy. 3. The obligation to report a potential conflict of interest under this section arises as soon as the member of the General Assembly is aware of the conflict. If the statement of Financial Interest filed by the member of General Assembly makes the conflict readily apparent, then no report need be filed.
This section of Initiated Act 1 of 1988 compels the filing of a Statement of Conflict of Interest between pending legislative action and the financial interests of the legislator in question. No statement need be filed, however, if the particular conflict of interest is made readily apparent by the disclosures contained in the Statement of Financial Interest. Legislators are not required to abstain when confronted with such conflict of interest. Each individual legislator must examine his or her own financial interests to determine whether or not there is a potential conflict of interest relative to pending legislative matters.
In my opinion the Statement of Potential Conflicts of Interest which you have attached to your opinion request is a sufficient Statement of Conflict of Interests for purposes of compliance with Initiated Act 1 of 1988. Such a statement would have to be filed if you were required to take an action which would either be beneficial or detrimental to your interests in any of the business entities you have described in the aforementioned Statement of Conflict of Interest, assuming your ownership interests in such business exceeds 10% or you were an officer or director of the business. Again, this statement would be unnecessary in the event your Statement of Financial Interest made the conflict readily apparent.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Bill McLean.